IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THYSSENKRUPP STEEL USA, LLC,    :

    Plaintiff,    :

v.    :    CA 12-00297-C

UNITED FORMING, INC.,    :

    Defendant.    :

### ORDER ON CERTIFICATION OF QUESTIONS OF LAW
### TO THE SUPREME COURT OF ALABAMA

In this case, in which the parties have consented to proceeding before the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) (Docs. 30, 34), the Court entered its order on the parties' summary judgment motions on January 29, 2013 (Doc. 95). Thereafter, on February 27, 2013, the plaintiff, ThyssenKrupp Steel USA, LLC ("TKS"), filed a motion requesting the certification of certain questions of law to the Supreme Court of Alabama (Doc. 99). Although the defendant, United Forming, Inc. ("UFI"), does not oppose certifying questions of law to the Supreme Court, it did propose alternatives to the questions as framed by TKS (*see* Doc. 104 (filed March 13, 2013)), and TKS addressed UFI's alternatives in its reply (Doc. 106), filed March 20, 2013.

With the benefit of the parties' briefing, this Court took the matter under submission and, on April 4, 2013, issued a written order (Doc. 109) setting forth two questions of law to be certified. Both questions are material to a determinative issue in this case—an issue that is solely grounded in the application of an Alabama statute.

And, as to both questions, there is no clear controlling precedent in the decisions of the Supreme Court. This Court then offered the parties the opportunity to propose a concise statement of facts pursuant to Rule 18(d), Ala. R. App. P.; that statement is incorporated into the Clerk's certification.

Moreover, to ensure that the Supreme Court is given "the context in which the question[s] at issue arose," this Court has determined that its prior orders and the entire record in this matter should be provided to the Supreme Court. *See American Nat'l Red Cross v. ASD Specialty Health Care, Inc.*, 325 F. Supp. 2d 1339, 1340 (S.D. Ala. 2002) (Granade, J.) (noting that "the Eleventh Circuit commonly includes the entire record when certifying a question to the Alabama Supreme Court") (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1308 (11th Cir. 2001) ("The entire record, including the briefs of the parties, is transmitted herewith.")).

Further, just as in *Tillman* and *ASD*, "the phrasing of this court's certificate is not intended to restrict the scope of inquiry of the Supreme Court of Alabama." *ASD Specialty Health Care*, 325 F. Supp. 2d at 1340-41 (citing *Tillman*, 253 F.3d at 1308; *Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1302 (11th Cir. 2000)). "That means, among other things, that if [this Court has] overlooked or mischaracterized any state law issues or inartfully stated any of the questions [it has] posed, [the Court] hope[s] the Alabama Supreme Court will feel free to make the necessary corrections." *Id.* at 1341 (quoting *Tillman*, 253 F.3d at 1308 (quoting, in turn, *Spain*, 230 F.3d at 1312)).

**DONE and ORDERED** this the 22nd day of April, 2013.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**